FILED
2008 Feb-13 PM 01:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ALABAMA
                        SOUTHERN DIVISION

ORA JEAN HOWE,                  }
                                }
     Plaintiff,                 }
                                }       CIVIL ACTION NO.
v.                              }       06-AR-1438-S
                                }
ALLSTATE INSURANCE COMPANY,     }
                                }
     Defendant.                 }
```

**MEMORANDUM OPINION AND ORDER**

At the pretrial conference held in the above-entitled case on January 24, 2008, the court informed the parties that because the trial date of March 10, 2008 is fast approaching, the court would speedily rule upon defendant's written motion *in limine* seeking to preclude the testimony of plaintiff's proffered expert, and would also speedily rule on plaintiff's oral motion offered at pretrial to preclude the opposing testimony of defendant's proffered expert. Both witnesses hold themselves out to be experts on what is "material" to a determination of whether an insurance company should pay a casualty loss.

The house owned by plaintiff, Ora Jean Howe ("Howe"), was insured by defendant, Allstate Insurance Company ("Allstate"). After the house burned, Allstate conducted an investigation and, based on that investigation, refused to pay Howe, saying to her, *inter alia*, that she breached the insurance contract by giving false statements during the post-loss investigation. It is without dispute that some of Howe's post-loss statements were

factually inaccurate, and that the insurance contract required her to respond truthfully to questions asked by Allstate during its post-loss investigation.  But, as this court pointed out in the opinion of January 11, 2008, wherein it granted Allstate's motion for summary judgment on Howe's claim of bad faith and denied Allstate's motion on Howe's breach of contract claim, the language in Alabama Code § 27-14-28 is built into every casualty insurance policy issued in Alabama.  An insurance company cannot contract around it.  The statute is short and to the point.  It provides:

> No misrepresentation in any proof of loss under any insurance policy shall defeat or void the policy unless such misrepresentation is made with actual intent to deceive as to a matter material to the insured's rights under the policy.

Without undertaking to repeat everything Howe said during Allstate's investigation, the argument between the parties over the "materiality" of Howe's supposedly incorrect statements primarily involves the extent of Howe's delinquency on her mortgage payments and the status of foreclosure proceedings at the time of the fire.  Howe's denial of any personal involvement in the fire would, of course, be a material misrepresentation if it was false, but the issue of its falsity is subsumed by Allstate's defense based on its claim that Howe herself was involved in setting the fire.  During the investigation, Howe readily acknowledged the existence of a mortgage delinquency.

She also admitted that she was aware of the possibility of foreclosure.  If, when Allstate asked Howe questions about these things, it already knew the answers, mistaken answers by Howe could not be "material" to her rights in the sense the word "material" is used in § 27-14-28.  Such misstatements may have been "material" in the sense that they demonstrate a debatable reason for denying the claim and therefore an absence of bad faith, but the question of bad faith has already been resolved in Allstate's favor.  Howe's alleged misstatements will, of course, be relevant to the overriding jury issue of whether Howe was involved in setting the fire.  They will come into evidence if offered by Allstate.

The two competing experts are being offered ostensibly to assist the jury in determining the question of whether any of Howe's misstatements were "material".  This assumes, of course, that Allstate can meet the burden required of it by § 27-14-28 that it prove Howe's misrepresentations to have been made with actual intent to deceive.

On appeal from this court, the Eleventh Circuit held in *Bennett v. Mutual of Omaha Ins. Co.*, 976 F.2d 659, 661 (11th Cir. 1992), as follows:

> In Alabama, the materiality of a misrepresentation is generally a jury question.

If this were not so, materiality under § 27-14-28 would always be a question of law for the court.

The fact that the lawyer employed by Allstate to investigate Howe's claim advised Allstate that it should deny the claim does not mean that the same lawyer can be allowed to testify that Howe's supposed post-loss misrepresentations were "material" and therefore constituted a breach that avoids liability by Allstate. Howe's misstatements may understandably have influenced the lawyer to give the advice she gave, but such misstatements do not open up the opportunity for the same lawyer to share her evaluation of the claim with the jury. The contrary proposed testimony by Howe's claims expert as to proper adjusting practice under circumstances like these is afflicted with the same fatal shortcoming. Both unduly invade the province of the jury.

Allstate is not challenging the validity of the insurance policy *ab initio*. If it were, a different Alabama statute would be implicated, namely, § 27-14-7, which recognizes that misrepresentations made in an application for insurance, even if innocent, can be material to the acceptance of the risk so that if the truth had been known, the prospective insurer would not have assumed the risk. The court can readily envision expert underwriting testimony in a case brought under § 27-14-7 in which the issue is pre-contract evaluation guidelines that would preclude the undertaking of a particular risk in the first place, or would call for bargaining for a higher premium or for an alteration in the coverage. But there is a difference "in kind"

between an expert opinion on risk evaluation during the underwriting phase and a so-called expert opinion on whether to pay a loss after it has occurred.

The two experts whose testimonies are here under consideration, if allowed to testify, will be presented with a lengthy set of hypothetical misstatements by Howe, some of which may have questionable evidentiary support and some of which may be undisputed.  They will then be asked to give the jury their opinions on the ultimate disputed fact of the "materiality" of the misstatement.  A straight-forward question of fact can be resolved by a jury without its answer being suggested by competing experts.

The court has not prepared its jury charges, but the parties' lawyers can rest assured that they will be given free rein in arguing the "materiality" issue to the jury.  They must, however, be prepared to make their closing arguments without having "expert" opinions to rely on.  They can share their respective differing opinions with the jury based on their adversarial recollections and interpretations of the evidence.

Both motions *in limine* are GRANTED.  Neither expert will be allowed to testify.

DONE this 13th day of February, 2008.

                                              _____
                                              WILLIAM M. ACKER, JR.
                                              UNITED STATES DISTRICT JUDGE